## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

Filed/Docketed
Apr 05, 2013

| | |
|---|---|
| IN RE: | |
| **EDDIE SANTANA,** | **Case No. 10-12043-M** |
| | **Chapter 13** |
| Debtor. | |

| | |
|---|---|
| **EDDIE SANTANA,** | |
| Plaintiff, | |
| v. | **Adv. No. 10-01094-M** |
| **SUPERIOR COURT OF CALIFORNIA COUNTY OF ORANGE, CENTRAL JUSTICE CENTER,** | |
| Defendant. | |

## MEMORANDUM OPINION

### Introduction

THIS MATTER comes before the Court pursuant to the "Motion to Reconsider Denial of In Forma Pauperis" (the "Motion to Reconsider") filed by Eddie Santana, Plaintiff herein ("Santana"), on March 22, 2013.[1]  A hearing on the Motion to Reconsider was held on April 2, 2013. At the hearing, Santana appeared *pro se*.  There were no other appearances.  At the hearing, Santana was offered the opportunity to present evidence in support of the Motion to Reconsider but declined to do so.  The following findings and conclusions are made pursuant to Federal Rule of Bankruptcy Procedure 7052.

---

[1] *Docket No. 123.*

**Jurisdiction**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409.[2]  Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a).  The issues presented by the Motion to Reconsider and the IFP Motion are core proceedings contemplated by 28 U.S.C. § 157(b)(2)(A).

**Background**

In this adversary proceeding, Santana claims that the debt he owes to the Superior Court of California, County of Orange (the "Superior Court") has been fully dealt with and discharged as part of his Chapter 13 plan.[3]  Santana seeks an order enjoining the Superior Court from any further collection efforts, and asks this Court to order to Superior Court to release its "hold on [Santana's] driving privileges."[4]  The salient facts in this adversary proceeding were summarized by the Court in its Order Granting Defendant's Motion for Summary Judgment and Denying Plaintiff's Motion for Summary Judgment (the "Summary Judgment Order") entered in this adversary proceeding on February 26, 2013:

> Debtor filed an original petition for relief under Chapter 7 of the Bankruptcy Code on June 17, 2010.  The case was converted to Chapter 13 on August 26, 2010. Superior Court is a State of California judicial branch entity created by Article VI of the Constitution of the State of California.  On April 14, 2010, Plaintiff was convicted of a traffic offense in the State of California in Case SA151964PEIA and was fined for the offense.  The offense was a violation of Section 21453(a) VC of the California Vehicle Code.  On October 1, 2010, a failure to appear hold respecting Plaintiff's California driver's license was issued by Superior Court.  The failure to appear hold was forwarded by Superior Court to the California Department of Motor

---

[2]   Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

[3]   *See Amended Complaint, Docket No. 75.*

[4]   *Id.* at 4.

Vehicles on October 17, 2010.

Debtor originally scheduled the Superior Court claim at $500, but later amended Schedule F to list the debt as $50.  On April 25, 2011, the Debtor filed a proof of claim in the bankruptcy case in the name of Superior Court in the amount of $50.  Superior Court did not respond to the filing of the claim.  On July 13, 2011, Plaintiff's Eleventh Amended Chapter 13 Plan ( the "Plan") was confirmed.  The Plan proposed to pay the Superior Court $50 toward its claim.

On December 19, 2011, Debtor filed a Motion for Declaratory Order in which he sought an injunction and declaratory judgment for violations of the automatic stay and the Confirmation Order regarding two notices of hearings held by the Superior Court with regard to Debtor's traffic offense.  The Court treated the Motion for Declaratory Order as a motion for contempt and determined that 1) under California law, a traffic infraction is a crime; 2) any restitution or criminal fine ultimately imposed on Debtor by the Superior Court will not be dischargeable in this bankruptcy case; and 3) neither the automatic stay nor the Confirmation Order prevented the Superior Court from going forward with the criminal proceedings involving Debtor.[5]

In the Summary Judgment Order, this Court held that Santana's obligations to the Superior Court were not discharged in his bankruptcy case, and that the Superior Court remains free to continue its collection efforts with respect to that debt.  The Court entered a separate judgment (the "Judgment") dismissing this adversary proceeding with prejudice.[6]

Santana timely filed a notice of appeal with respect to the Summary Judgment Order and Judgment on March 4, 2013.[7]  On that same day, he filed his Motion for Leave to Proceed *In Forma*

---

[5]  *Docket No. 109* at 3 – 5 (footnotes omitted).  It bears noting that Santana amended his complaint to seek relief against the Superior Court in this adversary proceeding <u>after</u> the Court entered its order denying Santana's substantively identical request for relief against the Superior Court in his underlying bankruptcy case.  *See Case No. 10–12043, Docket No. 207, Order Denying Motion for Declaratory Order* (entered March 9, 2012) (the "Declaratory Order").  The Declaratory Order was never appealed, and is now a final order.

[6]  *Docket No. 110.*

[7]  *Docket No. 112.*

*Pauperis* and Supporting Affidavit (the "IFP Motion").[8]  The affidavit attached to the IFP Motion, signed by Santana under penalty of perjury, contained a statement that Santana's sole source of income was $840 per month in disability payments.  In the affidavit, Santana also stated that he had a total of $7.79 in his checking account, and his monthly expenses totaled $838.  Included in these expenses were a $58 per month Chapter 13 plan payment, and $238 per month for "school."

The IFP Motion constitutes the third request by Santana for waiver of the filing fee for an appeal.  The first two such requests were filed on May 18, 2011.[9]  A comparison of those motions with the IFP Motion reveals that Santana is claiming the exact income and expenses in March of 2013 as in May of 2011.  On an even more interesting note, the affidavit attached to each motion states that Santana had the exact same amount of money in his checking account.  A review of the file in his Chapter 13 case reveals that Santana completed his Chapter 13 plan payments on or before October 24, 2012, and no longer is required to make the monthly payment of $58 listed in the IFP Motion.[10]  It thus appears possible, if not likely, that Santana merely copied one of his prior affidavits regarding income and expenses and attached it to the IFP Motion.

The Court scheduled a hearing on the IFP Motion to be held on March 19, 2013, at 10:00 a.m.[11]  Notice of the hearing was sent to Santana on March 6, 2013, by first class United States mail at the address listed in the adversary proceeding cover sheet.  On March 19, 2013, the Court held the hearing on the IFP Motion as scheduled.  Santana failed to appear.  The IFP Motion was denied

---

[8]  *Docket No. 114.*

[9]  *Docket Nos. 51 and 54.*

[10]  *Case No. 10-12043-M, Docket No. 211.*

[11]  *Docket No. 118.*

4

by text order.[12]  A copy of the text order was sent to Santana by First Class United States Mail.

On March 22, 2013, Santana filed the Motion to Reconsider.  He alleged that "unforseen circumstances" caused him to miss the March 19, 2013, hearing, and that he "would like a second chance to state why [he qualified] to proceed in forma pauperis."[13]  The Court scheduled a hearing on the Motion to Reconsider for April 2, 2013, and provided notice of the hearing to Santana.

Santana appeared before the Court on April 2, 2013.  He advised the Court that he failed to appear at the March 19, 2013, hearing because he forgot that the hearing was scheduled.  Santana claimed that his forgetfulness constituted "excusable neglect," and was cause for the Court to reconsider the IFP Motion.  When questioned about the seemingly identical information contained in the three separate affidavits offered in support of his three separate motions to proceed *in forma pauperis*, Santana admitted that he had  copied the current information from past affidavits.  He also admitted that the information contained in the current affidavit was inaccurate in that: (1) he was no longer obligated to make a Chapter 13 plan payment of $58; and (2) he was not making the $238 "school" payment, and had not done so for quite some time.  Santana offered no evidence in support of either the IFP Motion or the Motion to Reconsider.

Discussion

In order to resolve the Motion to Reconsider, the Court must first determine whether Santana's failure to appear at the March 19, 2013, hearing on the IFP Motion as a result of his forgetfulness is cause to reconsider the order denying the IFP Motion.  While the Court appreciates Santana's candor, "I forgot" is hardly a satisfactory explanation.  That being said, the Court does

---

[12] *Docket No. 121.*

[13] *Docket No. 123.*

not wish to create another issue for an appellate court.  While it would be well within this Court's

discretion to deny the Motion to Reconsider, it will not do so.  It will reconsider the IFP Motion

based upon the arguments advanced by Santana at the April 2, 2013, hearing.  Unfortunately for

Santana, after consideration of those arguments, the decision remains the same.

Prior to the passage of the Bankruptcy Abuse Prevention and Consumer Protection Act of

2005 ("BAPCPA"),[14] many courts held that bankruptcy courts lacked the authority to waive filing

fees.[15]  After BAPCPA, requests to proceed *in forma pauperis* in bankruptcy cases are governed by

28 U.S.C. § 1930(f), which provides that:

> **(f)(1)** Under the procedures prescribed by the Judicial Conference of the United
> States, the district court or the bankruptcy court may waive the filing fee in a case
> under chapter 7 of title 11 for an individual if the court determines that such
> individual has income less than 150 percent of the income official poverty line (as
> defined by the Office of Management and Budget, and revised annually in
> accordance with section 673(2) of the Omnibus Budget Reconciliation Act of 1981)
> applicable to a family of the size involved and is unable to pay that fee in
> installments. For purposes of this paragraph, the term "filing fee" means the filing
> fee required by subsection (a), or any other fee prescribed by the Judicial Conference
> under subsections (b) and (c) that is payable to the clerk upon the commencement of
> a case under chapter 7.
>
> **(2)** The district court or the bankruptcy court may waive for such debtors other fees
> prescribed under subsections (b) and (c).
>
> **(3)** This subsection does not restrict the district court or the bankruptcy court from
> waiving, in accordance with Judicial Conference policy, fees prescribed under this
> section for other debtors and creditors.[16]

Under this section, a Chapter 7 filing fee may be waived if a debtor's income is less than 150 per

---

[14]  Pub. L. No. 109-8, 119 Stat. 23 (2005).

[15]  *See, e.g., In re Rogers,* 147 B.R. 16 (Bankr. E.D. Va. 1992); *In re Richards*, 92 B.R.
258 (Bankr. S.D. Ohio 1988).

[16]  28 U.S.C. §1930(f).

cent of the income described as the official poverty line income <u>and</u> the debtor is unable to pay the fee in installments.  The burden of proof to show entitlement to a waiver of a filing fee lies with the debtor.[17]   The waiver of all other fees, including the fee for the filing of an appeal, is left to the sound discretion of the bankruptcy court.[18]  An application to proceed *in forma pauperis* may be denied "if the allegation of poverty is untrue, or if [the court is] satisfied that the action is frivolous or malicious."[19]

Under these principles, the record does not support granting Santana's request.  The income and expense figures contained in the IFP Motion are, to put it kindly, suspect.  Santana admits that he merely copied information from prior affidavits into the affidavit attached to the IFP Motion, and that two major expense items listed on that affidavit (the Chapter 13 plan payment of $58 per month and the "school" payment of $238 per month) no longer exist.  Those two items standing alone ($296) nearly equal the appellate filing fee of $298.  Given the blatant inaccuracy of these expense figures, the Court has no reason to deem accurate any of the other expense figures, or for that matter the income figures, contained in the affidavit.  Santana has not met his burden to show that he is entitled to a waiver of the appellate filing fee.  He is not entitled to a waiver of the fee as a matter of right, and the Court is well within its discretion in denying the request.

In support of his request that the filing fee for his appeal be waived, Santana relies upon 28

---

[17]  *In re Fortman*, 456 B.R. 370, 375 (Bankr. N.D. Ind. 2011); *In re Henretty*, 456 B.R. 224 (Bankr. W.D. Pa. 2011).

[18]  *In re Fortman*, 456 B.R. at 375.

[19]  *In re Heinze*, 455 B.R. 452, 453–54 (Bankr. M.D.N.C. 2011) (citing *In re Reed*, 178 B.R. 817, 822 (Bankr. D. Ariz. 1995), which quoted from *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

U.S.C. § 1915 ("§ 1915").  The section is not applicable to bankruptcy cases or bankruptcy appeals.[20]  It applies to "prisoners," who are defined in the statute as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."[21]  Santana is not a "prisoner" for purposes of this statute.  He is not presently incarcerated.

Cases interpreting § 1915 apply the same principles to requests to waive filing fees as do courts considering such requests under § 1930(f), namely: (1) there is no absolute right for a litigant to proceed *in forma pauperis* in the federal courts;[22] (2) whether to allow a litigant to proceed *in forma pauperis* is a matter left to the broad discretion of the trial court;[23] and (3) the burden of proof to show the entitlement to proceed *in forma pauperis* lies with the party seeking such relief.[24]  Therefore, even if Santana were correct in relying upon § 1915, neither the analysis undertaken by the Court, nor the result, would change.  Santana still would not be entitled to a waiver of the filing fee for his appeal of the Summary Judgment Order.

## Conclusion

The IFP Motion is denied.  Santana is required to pay the filing fee for his appeal of the Summary Judgment Order in full on or before April 19, 2013.  A separate judgment consistent with

---

[20]  *U.S. v. Kras*, 409 U.S. 434 (1973).

[21]  28 U.S.C. §1915(h).

[22]  *See, e.g., Higgins v. Steele*, 195 F.2d 366, 368  (8th Cir. 1952).

[23]  *See, e.g., Carter v. Thomas*, 527 F.2d 1332, 1333 (5th Cir. 1976).

[24]  *Anderson v. City of Chicago*, 803 F. Supp. 1327, 1329 (N.D. Ill. 1992).

this Memorandum Opinion is entered concurrently herewith.

Dated this 5th day of April, 2013.

BY THE COURT:

TERRENCE L. MICHAEL, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

6540.3

9

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2013, I mailed by first-class United States mail a true and correct copy of the foregoing Memorandum Opinion to the parties listed below:

Eddie Santana
731 E. 43rd St. N.
Tulsa, OK 74106

*Judy Johnson*